# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

In re

| | |
|---|---|
| Maxon Engineering Services, Inc., | Bk. No. 04-04781-MWV |
| Debtor | Chapter 11 |

## MEMORANDUM OPINION

The Court has before it the "Debtor's Urgent Motion Requesting Order Directing PREPA to Pay Outstanding Invoices and Request to Set Motion for Expedited Hearing on August 29, 2005."  The Court granted the motion for an expedited hearing, and a hearing on the motion was held on August 29, 2005. PREPA filed its opposition on August 26, 2005, and it subsequently filed, on September 6, 2005, a motion further supplementing its opposition to the Debtor's motion.  The Debtor has now filed a reply to that supplement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1994 (Torruella, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

The Debtor's motion seeks an order directing PREPA to pay the Debtor $573,091.98 for work performed and equipment sold to PREPA post-petition.  PREPA argues that the motion is an action to collect accounts receivable or turn over assets of the estate, which must be done through an adversary proceeding in accordance with Rule 7001 of the Federal Rules of Bankruptcy Procedure.  This Court agrees and denies the motion to turn over the receivables on that basis.

The motion further alleges that PREPA's actions in failing to pay the post-petition receivables violates the automatic stay.  While the motion is not specific as to the applicable subsections of § 362,

which the Debtor alleges have been violated, counsel for the Debtor, at the hearing, indicated that the Debtor was relying on § 362(a)(3), (a)(6) and (a)(7). At the outset, the Court finds that § 362(a)(6) and (a)(7) do not apply since the motion only pertains to post-petition receivables. With respect to the § 362(a)(3), PREPA argues that it has not taken any affirmative action against the monies due the Debtor, but has only administratively frozen the payment while it investigates a claim against it made by Banco Bilbao Vizcaya Argentaria ("BBVA"), which may give it the right to withhold payments due the Debtor.

The amounts due the Debtor do not appear to be in dispute. In PREPA's supplemental motion, it cites the case of Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 116 S. Ct. 286, 133 L. Ed. 2d 258 (1995), in support of its position that its actions constitute an administrative freeze, which is not a violation of the automatic stay. The Debtor disagrees stating that the case stands only for that proposition if the creditor (PREPA) has a valid right of setoff. PREPA has now filed with the Court a certified translation of BBVA's letter of May 16, 2005, which refers to a meeting held on September 9, 2004. The Debtor asserts that the transactions, which are the subject of that letter, are prepetition transactions, which PREPA has not disputed, and the monies being held by PREPA are for post-petition goods and services. While PREPA may have a claim against the Debtor, this Court is not persuaded on the basis of the record before it that PREPA has a right of setoff against the funds it has frozen. A creditor cannot use post-petition funds to setoff prepetition claims. See In re Holden, 258 B.R. 323 (D. Vt. 2000); In re Ruiz, 146 B.R. 877 (Bankr. S.D. Fla. 1992). Consequently, the Court finds that the failure to pay the monies to the Debtor is a violation of the automatic stay.

PREPA also, in its original objection, asserted that its actions were protected by the exemption provided by § 362(b)(4) since the monies allegedly owed consisted of public funds. The Court disagrees with this argument and finds that the withholding of contract funds is not an exercise of a governmental unit's police and regulatory powers as contemplated by § 362(b)(4).

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal

Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final order consistent with this

opinion.

DATED this 13th day of September, 2005, at Manchester, New Hampshire.


/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Bankruptcy Judge
District of New Hampshire
Sitting by designation