# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

In re:                                                    Bk. No. 04-04781-MWV
                                                          Chapter 11

Maxon Engineering Services, Inc.,
                          Debtor


## MEMORANDUM OPINION

The Court has before it a motion for relief from the automatic stay filed on September 16, 2005,

by the Puerto Rico Electric Power Authority ("PREPA").  Maxon Engineering Services, Inc. (the

"Debtor") filed its "Debtor's Opposition to Request for Relief from the Automatic Stay Filed by PREPA"

on September 28, 2005, and the Court held a hearing on the matter on September 29, 2005.


## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334

and 157(a) and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1994 (Torruella,

C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).


## BACKGROUND[1]

The Debtor is an engineering company that filed chapter 11 bankruptcy on May 5, 2004.  The

Debtor performed substantial work for PREPA both prior to and after filing for bankruptcy.  Through an

adversary proceeding, the Debtor has sought turnover of funds in excess of $500,000 for work performed

by the Debtor post-petition (the "post-petition funds").  PREPA, though, alleges that the Debtor is liable

---

[1]  Three opinions released contemporaneously with this opinion provide a more detailed account of the relationships and claims involving these parties.  See In re Maxon Engineering Servs., Inc., No. 04-04781 (Bankr. D. Puerto Rico Nov. 21, 2005) ("PREPA's Rule 9023 Motion to Reconsider, Alter, Amend and for Additional Findings"); No. 04-04781, Adv. No. 05-00202 (Bankr. D. Puerto Rico Nov. 21, 2005) (PREPA's "Motion to Dismiss"); No. 04-04781, Adv. No. 05-00202 (Bankr. D. Puerto Rico Nov. 21, 2005) ("Debtor's Motion for Preliminary and Permanent Injunction Directing PREPA to Pay Outstanding Invoices").

for damages that PREPA may have to pay as a result of a related suit brought against PREPA by Banco

Bilbao Vizcaya Argentaria ("BBVA") arising from assigned contracts involving PREPA, BBVA, and the

Debtor.  Essentially, PREPA erroneously disbursed checks payable only in the Debtor's name when the

checks were supposed to be made payable to both the Debtor and BBVA.  Anticipating the suit against it

by BBVA, PREPA placed an administrative hold on the post-petition funds owed the Debtor while

PREPA investigated BBVA's claim.  In the event that PREPA is found liable to BBVA, PREPA would

presumably seek to recover from the Debtor any damages paid to BBVA.

### DISCUSSION

PREPA requests relief from the automatic stay pursuant to section 362(d)(1),[2] which provides

relief from the stay "for cause."  PREPA argues that the "cause" in this case is that it has a colorable

claim of a right to set off the post-petition funds it owes Debtor against its claim against the Debtor arising

from BBVA's suit against PREPA.  The Court has since determined that PREPA has no right of setoff

because its claim against the Debtor is a prepetition claim, and a creditor may not use post-petition funds

to set off prepetition claims.  See In re Maxon Engineering Servs., Inc., No. 04-04781 (Bankr. D. Puerto

Rico Nov. 21, 2005) ("PREPA's Rule 9023 Motion to Reconsider, Alter, Amend and for Additional

Findings") (reconsidering and affirming its holding in In re Maxon Engineering Servs., Inc., (Bankr. D.

Puerto Rico Sept. 13, 2005)).  PREPA, therefore, is not entitled to relief from the automatic stay.

### CONCLUSION

PREPA's "Motion to Lift Stay" is denied.  This opinion constitutes the Court's findings and

conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue

---

[2]  Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform
Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

a separate final order consistent with this opinion.

DATED this 21st day of November, 2005, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Bankruptcy Judge
District of New Hampshire
Sitting by designation