## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

In re:                                                                    Bk. No. 04-04781-MWV
                                                                          Chapter 11

Maxon Engineering Services, Inc.,
                    Debtor


## MEMORANDUM OPINION

The issue before the Court is whether the Court should allow the Treasury Department of the

Commonwealth of Puerto Rico ("Treasury") to file an amended proof of claim. Maxon Engineering

Services, Inc. ("Debtor") has objected to the Treasury's amended claim, and the Treasury filed a response

to the Debtor's objection. The Court held a hearing on August 29, 2005, after which the Court took the

Debtor's objection under advisement.


## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334

and 157(a) and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1994 (Torruella,

C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).


## FACTS

The Debtor filed its Chapter 11 petition on May 5, 2004. The bar date for a governmental entity

to file a proof of claim was November 1, 2004. On June 25, 2004, Treasury filed a proof of claim in the

amount of $459,195.27 ($567.26 was listed as unsecured while the remaining $458,628.01 was listed as

priority). In an addendum to the proof of claim, Treasury listed the claims for taxes due for the years

ending July 2001, 2002, and 2003 as "estimated." At the 341 meeting held June 29 and July 30, 2004, it

became clear that there were unresolved issues with regard to the Debtor's finances. This resulted in

several creditors moving for the appointment of an examiner pursuant to section 1104.[1]  The Court

granted the motion and appointed an examiner to investigate the Debtor's issuance of two separate

financial statements in 2002;  one statement was prepared for tax purposes and the other was prepared for

financial institutions such as banks and sureties.  The examiner was also authorized to investigate

transfers of funds to and from the Dominican Republic and whether any of the Debtor's assets could be

found there.  In late April, 2005, the examiner submitted his report.  In light of the examiner's report,

Treasury increased the scope of its audit of the Debtor's finances to determine the Debtor's tax liabilities.

On June 16, 2005, Treasury filed an amended proof of claim, which claims a tax liability of

$23,801,226.36 ($5,565,000.00 was listed as unsecured while $18,236,226.36 was listed as priority).  As

in its original proof of claim, Treasury described the figures in the amended claim as "estimated," in light

of its continuing audit.

### DISCUSSION

Amendments to claims are not addressed by the Bankruptcy Code or the Bankruptcy Rules, but

amendments to proofs of claim are permissible prior to the bar date.  In re Clamp-All Corp., 235 B.R.

137, 140 (B.A.P. 1st Cir. 1999).  Amendments made after the bar date, though, are not allowed if the

amendment is, in reality, a "new claim" against the estate.  Id. (citing In re Int'l Horizons, Inc., 751 F.2d

1213, 1216 (11th Cir. 1985)).  "[A]s a general rule, amendments intended merely to *increase* the amount

of a claim grounded in the same *right to payment* are not considered 'new' claims under the Code."  In re

Hemingway Transp., Inc., 954 F.2d 1, 10 (1st Cir. 1992).  The First Circuit employs the "nexus" test to

determine the admissibility of amendments to proofs of claims, and that test allows such amendments

"where [the amendment's] purpose is to cure a defect, provide a more particular description of the claim,

or plead a new theory of recovery based upon the facts stated in the original claim."  In re Clamp-All

---

[1]  Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform
Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.

Corp., 235 B.R. at 140.  Three additional criteria must also be met:

> *First*, the proposed amendment must not be a veiled attempt to assert a distinctly new
> right to payment as to which the debtor estate was not fairly alerted by the original proof
> of claim.  *Second*, the amendment must not result in unfair prejudice to other holders of
> unsecured claims against the estate.  *Third*, the need to amend must not be the product of
> bad faith or dilatory tactics on the part of the claimant.

Gens v. Resolution Trust Corp., 112 F.3d 569, 575 (1st Cir. 1997) (quoting In re Hemingway Transp.,

Inc., 954 F.2d at 10); In re Clamp-All Corp., 235 B.R. at 140.

The Court must first determine whether the Treasury's amended claim is a new claim or whether

it is merely an increase in amount grounded in the same right to payment.  Treasury's original claim was

based on tax liabilities for the years ending July 2001, 2002, and 2003, as well as tax liability for

employee withholdings for 2003.  Treasury's amended claim seeks payment of taxes based on the same

tax obligations.  See In re Callery, 274 B.R. 51, 56 (Bankr. D. Mass. 2002) (holding that an IRS amended

claim's significant increase in the amount of a taxes due was not a new claim, as "[t]he increased amount

of the tax obligation reflects the results of the IRS' investigation of the Debtor").  Here, the Treasury's

amended claim provides a more particular description of the claim and pleads a new theory of recovery

based on the same facts as described in the original claim.

In Callery, the IRS filed an amended claim that "significantly increased" the debtor's tax liability.

274 B.R. at 55.  The court found that the original claim provided adequate notice because the claim listed

the debtor's tax obligation as an "unassessed liability," which put the debtor "on notice that his tax

liability . . . was subject to change."  Id. at 57.  In In re Tanaka Bros. Farms, Inc., the court allowed the

IRS's amendment that quadrupled the debtor's tax liability listed on the original proof of claim, stating

that "the IRS's original claim was clearly denoted as an 'estimate.'"  36 F.3d 996, 999 (10th Cir. 1994).[2]

---

[2]  The Court acknowledges the case of In the Matter of Stavriotis, 977 F.2d 1202 (7th Cir. 1992),
in which the IRS was not permitted to substantially amend its claim following an audit.  The court, in
large part, based its holding on the fact that the IRS did not provide notice to anyone of its ongoing audit.
Id. at 1206.  This secrecy surprised and prejudiced the debtor and creditors.  Id. at 1207.  The Stavriotis
court concluded by stating: "If a creditor knows that after analyzing information which is wholly within
its own control it may later seek to amend its claim drastically, it must not keep that knowledge secret.  If

In the instant case, Treasury's original proof of claim stated that the amount of the claim was "estimated." This language, along with the issues raised at the 341 meeting that led to the appointment of an independent examiner, prevents the Debtor from now asserting that it was not put on notice that the Treasury's claim was subject to change. As early as January 25, 2005, the Debtor was put on notice of an investigation for the years ending July 2002 and 2003. Apparently, the investigation was enlarged to the tax year ending July 2001 after the examiner's report. The majority of the estimated claim is for the year ending July 2002. The Court also finds that the amendment does not result in unfair prejudice to the unsecured creditors, especially since no such creditors have objected to the amendment. Like the Debtor, those creditors were put on notice by the Treasury's proof of claim and the events of the case that the Treasury's claim could change. Finally, the Court is persuaded that the amendment is not the product of bad faith or dilatory tactics on the part of the Treasury. The Treasury commenced its audit in January 2005 and increased its scope after learning the conclusions of the court-appointed examiner, and neither the audit nor the amended claim have delayed confirmation of the Debtor's reorganization plan.

### CONCLUSION

For the foregoing reasons, the Treasury is permitted to file its amended claim. The amount of the allowed claim will be determined following the conclusion of the audit, and after additional proceedings before this Court. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final order consistent with this opinion.

DATED this 25th day of January, 2006, at Manchester, New Hampshire.

---

it does so, and later surprises the debtor or other creditors, it should not claim surprise if the bankruptcy court elects to deny the amendment." Id. at 1206–07. In contrast, the Treasury has not kept its audit a secret from the Debtor, the creditors, or this Court. Here, the surprise discussed in Stavriotis is not present, especially in light of the appointment of the examiner and the issuance of the examiner's report.

/s/ Mark W. Vaughn
Mark W. Vaughn, Chief Judge
U.S. Bankruptcy Court, District of New Hampshire
Sitting by designation